# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# NORTHEASTERN DIVISION

| | |
|---|---|
| **PHYLLIS COWANS,** } | |
| } | |
| Plaintiff, } | |
| } | |
| v. } | Case No.: 5:13-cv-00937-MHH |
| } | |
| **COMPUTER SCIENCES** } | |
| **CORPORATION,** } | |
| } | |
| Defendant. } | |

## MEMORANDUM OPINION

On July 15 2015, Magistrate Judge John England entered a report and recommendation concerning defendant Computer Sciences Corporation's motion for summary judgment. (Doc. 32)  In his report, Judge England recommended that the Court enter judgment in favor of CSC as a matter of law on plaintiff Phyllis Cowans's ADEA claim and her Title VII race discrimination claim.  (Doc. 32). Ms. Cowans filed objections to the report and recommendation.  (Doc. 33). Because the parties did not consent to dispositive jurisdiction by a magistrate judge, the Clerk reassigned this action to the undersigned to review Judge England's report and Ms. Cowan's objections.  (Doc. 34).  For the reasons stated below, the Court adopts Judge England's report and accepts his recommendation.

**STANDARD OF REVIEW**

A district court "may accept, reject, or modify, in whole or part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). When a party files timely objections to a report and recommendation, the district court "make[s] a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.*

A district court does not have to conduct a de novo review of the portions of a report and recommendation to which no party objects. *Garvey v. Vaughn*, 993 F.2d 776, 779 n.9 (11th Cir. 1993); *see also United States v. Slay*, 714 F.2d 1093, 1095 (11th Cir. 1983) (per curiam), *cert. denied*, 464 U.S. 1050 (1984) ("The failure to object to the magistrate's findings of fact prohibits an attack on appeal of the factual findings adopted by the district court except on grounds of plain error or manifest injustice.") (internal citation omitted). In *Macort v. Prem, Inc.*, 208 Fed. Appx. 781, 784 (11th Cir. 2006), the Eleventh Circuit stated:

> Most circuits agree that "[i]n the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Accident Ins.,* 416 F.3d 310, 315 (4th Cir. 2005) (quotations omitted); *accord Johnson v. Zema Sys. Corp.,* 170 F.3d 734, 739 (7th Cir.1999) ("If no objection or only partial objection is made [to the magistrate judge's report], the district court judge reviews those unobjected portions for clear error."); *United States v. Wilson,* 864 F.2d 1219, 1221 (5th Cir. 1989) (noting that the "clearly erroneous" standard is appropriate where there has been no objection to the magistrate judge's ruling); *Drywall Tapers & Pointers v. Local 530,* 889 F.2d

> 389, 395 (2d Cir. 1989) ("Where a magistrate [judge] has been appointed to conduct an evidentiary hearing, the district court reviews the Report and Recommendation under the same clearly erroneous standard.") (citing *Wooldridge v. Marlene Indus. Corp.,* 875 F.2d 540, 544 (6th Cir. 1989)).

*Id.* The Eleventh Circuit does not appear to have expressly held that a district court should review a report and recommendation for plain error in the absence of objections; however, other courts in this Circuit have adopted such a position.[1] Accordingly, the Court will review for clear error on the face of the record the issues to which Ms. Cowans has not raised a specific objection.

## DISCUSSION

Magistrate Judge England found that Ms. Cowans abandoned her Title VII claim for race discrimination. (Doc. 32, p. 1). Ms. Cowans did not object to this portion of Judge England's report and recommendation. The Court finds no clear error on the face of the record with respect to that claim. Therefore, the Court will enter judgment in favor of CSC on Ms. Cowans's race discrimination claim.

Ms. Cowans has lodged one specific objection to Judge England's recommendation that the Court enter judgment in favor of CSC on Ms. Cowans's

---

[1] *See Tauber v. Barnhart*, 438 F. Supp. 2d 1366, 1373 (N.D. Ga. 2006) ("[I]ssues upon which no specific objections are raised do not so require *de novo* review; the district court may therefore accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge, applying a clearly erroneous standard.") (internal citations and quotations omitted); *Am. Charities for Reasonable Fundraising Regulation, Inc. v. Pinellas County,* 278 F. Supp. 2d 1301, 1307 (M.D. Fla. 2003) ("[W]hen no timely and specific objections are filed, case law indicates that the court should review the findings using a clearly erroneous standard."); *Shuler v. Infinity Property & Gas*, 2013 WL 1346615, at *1 (N.D. Ala. March 29, 2013) (portions of a report and recommendation "to which no objection is filed are reviewed only for clear error").

age discrimination claim. Ms. Cowans contends that a question of fact exists with respect to her age discrimination claim because, she argues, the record demonstrates that CSC did not follow the company's reduction in force policy when the company retained a "27-year-old employee with only two (2) years of service" rather than Ms. Cowans, "a government contractor security expert with over thirty-three years of exemplary service." (Doc. 33, pp. 1-2). In opposition to CSC's summary judgment motion, Ms. Cowans posited evidence that CSC's "reduction in force policy aimed to keep the personnel with the longest service," that she had "the longest length of service in [CSC's security] department," and that her supervisors' actions in selecting her for the reduction in force violated the policy created a question of fact regarding pretext for age discrimination. (Doc. 24, pp. 17, 26).

Ms. Cowans's argument misses the mark. Magistrate Judge England found that Ms. Cowans did not establish a *prima facie* case of age discrimination because there is no competent substantial evidence that Ms. Cowans was qualified for the MDA Basic Analyst position that CSC eventually offered to Holly Owens, the "27-year-old employee with only two (2) years of service." (Doc. 32, pp. 17-18). Ms. Cowans has not objected to Judge England's discussion of the legal standard applicable to her age discrimination claim or to Judge England's finding that she "cannot establish a *prima facie* case of age discrimination." (Doc. 32, p. 17). The

Court finds no clear error on the face of the record with respect to that finding. Consequently, any potential fact issue pertaining to pretext does not preclude summary judgment on Ms. Cowans's age discrimination claim.

Moreover, the record demonstrates that Ms. Cowans's layoff was consistent with CSC's reduction in force policy. CSC Human Resources Management Policy 213 states that when a reduction in the workforce is necessary because of business reasons, layoffs should be based on a combination of factors, including CSC's needs and the employee's skills, knowledge, ability reliability, performance, and length of service. (Doc. 23-10, p. 5 at § 1.1). Therefore, length of service is only one factor in the layoff equation. The record demonstrates that Ms. Cowans's supervisor, Ms. Dyer, had a legitimate reason for mentioning Ms. Owens rather than Ms. Cowans for the analyst position, namely the fact that Ms. Owens had a bachelor's degree, a prerequisite for the job, and Ms. Cowans did not. Ms. Cowans has not offered sufficient evidence to permit a reasonable factfinder to conclude that age discrimination was the "but for" cause of the adverse action. Ms. Dyer's reference to her own age and to Ms. Cowans's age in casual conversation more than one year before CSC's reduction in force does not change this result. (Doc. 32, pp. 13, 19).

Other than the objection relating to CSC's alleged failure to follow its reduction in force policy, Ms. Cowans offers only vague, conclusory challenges to

5

Judge England's report and recommendation. The Court finds no clear error on the face of the record with respect to the balance of Judge England's findings.

**CONCLUSION**

For the reasons discussed above, the Court adopts Judge England's report and accepts his recommendation. By separate order, the Court will enter judgment in favor of CSC on Ms. Cowans's ADEA and Title VII claims.

**DONE** and **ORDERED** this September 2, 2015.

_____
**MADELINE HUGHES HAIKALA**
UNITED STATES DISTRICT JUDGE